Charles H. HAGSTROM and Richard A. Edlund, d/b/a C & R ASSOCIATES, Appellants,

v.

AMERICAN CIRCUIT BREAKER CORPORATION, Respondent.

No. C5–93–2424.

Court of Appeals of Minnesota.

June 14, 1994.

Review Denied Aug. 24, 1994.

Peter J. McCall, Mark M. Nolan, Stapleton, Nolan & McCall, P.A., St. Paul, for appellants.

Stephen J. Snyder, Brooks F. Poley, Winthrop & Weinstine, P.A., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

LANSING, Judge.

A manufacturer and an independent sales representative dispute whether their sales agreement has been effectively terminated. The district court granted summary judgment for the manufacturer, holding that the parties' contractual choice of law provision applied and that the sales agreement had been effectively terminated. We agree that the contractual choice of law is enforceable, and we affirm.

## FACTS

American Circuit Breaker Corporation manufactures and sells electrical circuit breakers and related items. American Circuit's principal place of business is in North Carolina, where its manufacturing, sales, marketing, and accounting functions are located. C & R Associates is a partnership of two individuals, Charles E. Hagstrom and Richard A. Edlund, both of whom are long-time Minnesota residents. C & R conducts business in the Upper Midwest, including Minnesota.

American Circuit and C & R entered into an agreement, effective August 1, 1990, for C & R to act as a sales representative for American Circuit's products in several states, including Minnesota. The sales representative agreement included a clause providing

(18) This Agreement and the validity, construction and performance thereof, shall be governed by the laws of the State of North Carolina.

American Circuit puts this provision in sales representative agreements used throughout the United States.

The termination provision in the sales representative agreement stated that "[e]ither party may terminate this Agreement at any time, with or without cause, by giving the other party (30) days prior written notice." Notice, under the agreement, is "given upon the mailing, postage prepaid, or hand delivery thereof to the other party * * *." American Circuit sent C & R a March 12, 1993 facsimile terminating C & R as a sales representative effective April 11, 1992. A certified copy of the termination notice, post-

marked March 13, 1992, reached C & R on March 16, 1992.

Minn.Stat. § 325E.37 requires a manufacturer to give ninety days notice when terminating a sales representative. C & R brought suit against American Circuit for violating Minn.Stat. § 325E.37 and, alternatively, for breach of contract for failing to provide the contractually required thirty day notice.

## ISSUES

I. Did the district court err in enforcing the parties' contractual choice of law provision?

II. Did the district court err in finding that American Circuit's termination of the sales representative agreement adequately complied with the parties' contract?

## ANALYSIS

### I

Minnesota traditionally enforces parties' contractual choice of law provisions. Minnesota courts have consistently expressed a commitment to the rule "that the parties, acting in good faith and without an intent to evade the law, may agree that the law of either state shall govern." *Combined Ins. Co. of Am. v. Bode,* 247 Minn. 458, 464, 77 N.W.2d 533, 536 (1956); *see also Milliken and Co. v. Eagle Packaging,* 295 N.W.2d 377, 380 n. 1 (Minn.1980); *Standal v. Armstrong Cork Co.,* 356 N.W.2d 380, 382 (Minn.App. 1984), *pet. for rev. denied* (Minn. Feb. 19, 1985); *see generally* Robert A. Leflar et al., *American Conflicts Law* § 147, at 414–49 (4th ed. 1986) (recognizing trend toward enforcing contractual choice of law provisions and citing case authority). The Minnesota cases upholding a contractual choice of law provision, however, have not directly addressed whether a provision in conflict with a specific Minnesota statute, but not the law of the designated state, may still be enforced. In this case North Carolina does not have a statute governing notice for termination of sales representative agreements and would likely enforce the notice provisions in the parties' contract. Minnesota regulates sales representative agreements and requires that,

to properly terminate an agreement, the manufacturer must have good cause and give written notice setting forth reasons for the termination at least ninety days before the termination. Minn.Stat. § 325E.37, subd. 2 (1992). The termination cannot take place unless the recipient of the notice fails to correct the reasons stated in the notice within sixty days of receiving the notice. *Id.* C & R argues that the choice of law provision in the parties' contract should not be enforced because the provision violates Minnesota's public policy as embodied in Minn.Stat. § 325E.37.

Federal courts have addressed whether to apply contractually designated law that conflicts with Minnesota law. In *Modern Computer Sys. v. Modern Banking Sys.,* the eighth circuit recognized that Minnesota's Franchise Act, Minn.Stat. §§ 80C.01–30, expresses a policy in favor of greater remedies than those otherwise available. *Modern Computer Sys. v. Modern Banking Sys.,* 871 F.2d 734, 740 (8th Cir.1989). The court, however, saw as more significant "Minnesota's traditional willingness to enforce parties' choice of law agreements" and enforced the parties' choice of law provision. *Id.* at 740; *see also Carlock v. Pillsbury Co.,* 719 F.Supp. 791, 810–11 (D.Minn.1989) (choice of law provision that precludes application of the Minnesota Franchise Act is not repugnant to Minnesota's public policy).

In 1989 the Minnesota legislature amended the Minnesota Franchise Act to provide that a choice of law provision is void if it has the effect of waiving compliance under the Minnesota Franchise Act. *See* 1989 Minn. Laws ch. 198, § 2. This legislative action evinces an unwillingness to allow parties to contractually designate another state's law when the contract involves activity governed by the Minnesota Franchise Act.

The Minnesota legislature enacted the Termination of Sales Representatives Act in 1990, one year after amending the Minnesota Franchise Act to override contractual choice of law provisions. *See* 1990 Minn.Laws Ch. 539, § 1. The Termination of Sales Representatives Act does not contain a similar provision restricting choice of law provisions.

The legislature could have included such a provision, but did not. *See Northland Country Club v. Commissioner of Taxation,* 308 Minn. 265, 270–71, 241 N.W.2d 806, 809 (Minn.1976) (presuming that the Legislature's failure to include a term was deliberate). We think it is significant that the Termination of Sales Representative Act does not contain a provision limiting choice of law provisions.

We also find it significant that the parties agreed to the application of North Carolina law and have not introduced evidence showing that North Carolina's law was selected in bad faith. *See Bode,* 247 Minn. at 464, 77 N.W.2d at 536. C & R was given time to review the agreement and did not object to the choice of law provision. In addition, the parties did not act out of an attempt to evade Minnesota's law. The parties' agreement was drafted before the August 1, 1990 effective date of Minn.Stat. § 325E.37. *See* Minn. Stat. § 645.02 (1992). In designating a choice of law provision, the parties were merely selecting a state's law, as Minnesota has provided they may do. *See Milliken,* 295 N.W.2d at 380 n. 1; *Bode,* 247 Minn. at 458, 77 N.W.2d at 536. Furthermore, the application of North Carolina law is constitutional because American Circuit has significant contacts with North Carolina. *See Allstate Ins. v. Hague,* 449 U.S. 302, 312–13, 101 S.Ct. 633, 640, 66 L.Ed.2d 521 (1981) (application of a state's law is constitutionally permissible when a state has a "significant contact or significant aggregation of contacts, creating state interests * * *").

Although Minnesota, since the time the parties designated North Carolina law, has expressed some policy interests through the Termination of Sales Representative Act, we cannot say that this policy interest, in light of all the facts of this case, overrides Minnesota's longstanding policy of enforcing contractual choice of law provisions.

## II

▇ C & R alternatively argues that American Circuit failed to satisfy the thirty day notice provision in the sales representative agreement by giving only twenty-nine days notice. C & R has not claimed any prejudice stemming from the deficient notice.

In *Marcoin, Inc. v. McDaniel,* the North Carolina Court of Appeals stated that when the shortest notice of termination under a contract was for ninety days, and the notice was for less than this time period, the party failing to give the requisite notice owed fees until the end of the notice period, but that the contract was deemed terminated. *Marcoin, Inc. v. McDaniel,* 70 N.C.App. 498, 320 S.E.2d 892, 898 (1984), *pet for rev. denied,* 312 N.C. 797, 325 S.E.2d 631 (1985). Under North Carolina law, the parties' contract was effectively terminated on April 12, 1992, thirty days after the notice was received.

## DECISION

The district court properly enforced the parties' choice of law provision and found the contract was effectively terminated. We affirm the district court's grant of summary judgment.

**Affirmed.**